IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY DOUGLAS MCPHERSON, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:15-CV-257-O |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by Petitioner, Larry Douglas McPherson, a federal prisoner confined in FCI-Fort Worth, against

Rodney W. Chandler, warden of FCI-Fort Worth, Respondent. After considering the pleadings and

relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner is serving a total term of 235 months for his 2011 criminal convictions in the

United States District Court for the Southern District of Alabama for attempted coercion and

enticement of a minor, attempted production of child pornography and possession of child

pornography. Resp't's App. 22-23, ECF No. 8. Petitioner was arrested on the federal charges on June

22, 2010, and released on his own recognizance on June 29, 2010, conditioned on his agreement to

live at home with a third party present to monitor him. *Id.* at 3, 8-9. On July 16, 2010, the conditions

of his release were modified to allow him to attend a faith based counseling program and religious

services. *Id.* at 3. On October 15, 2010, Petitioner was found guilty of the offenses and remanded to

the custody of the United States Marshal's Service to await sentencing, which was imposed on

August 18, 2011. *Id.* Therefore, his sentence was computed to commence on August 18, 2011. *Id.*

He was given prior custody credit from June 22, 2010, the day he was arrested, through June 29, 2010, the day he was released on his own recognizance pending trial. *Id.* at 4. He was also given prior custody credit from October 15, 2010, the day he was convicted and remanded to custody of the Marshall's Service, through August 17, 2011, the day before his federal sentence commenced. *Id.* His projected release date is October 28, 2027.  *Id.* Petitioner sought credit for the time he spent in home confinement from June 30, 2010, through October 14, 2010, via the prison's administrative procedures to no avail. Pet., Ex. A, ECF No. 1. This petition followed.

## II.  DISCUSSION

Petitioner contends that, as a matter of due process, he is entitled to time credit for the time he spent in home confinement, subject to "electronic monitoring," while released on pretrial bond due to the fact that his release was conditioned upon "compliance with a (24) hour house incarceration." Pet. 3, ECF No. 1. According to Petitioner, the sentencing court "specifically ordered, 'Home incarceration' and <u>not</u> [']Home Detension [sic],' which would have permitted [him] . . . to leave home for employment and other purposes." *Id.* at 5, n.6. Thus, his home confinement was more restrictive.

Title 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. The Bureau of Prison's interpretation of "official detention" for purposes of the statute does not include time spent in home confinement. *See* Program Statement 5880.28, U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.bop.gov.

2

Petitioner is not entitled to credit for the time he spent while released on bail in home confinement with electronic monitoring because he was not in "official detention" within the meaning of § 3585(b). *See Reno v. Koray,* 515 U.S. 50, 62-65 (1995); *United States v. Cleto*, 956 F.2d 83, 84- 85 (5th Cir. 1992); *Cucciniello v. Keller*, 137 F.3d 721, 723 (2d Cir. 1998); *Rodriguez v. Lamer*, 60 F.3d 745, 747-48 (11th Cir. 1995); *Randall v. Whelan*, 938 F.2d 522, 524 (4th Cir. 1991). No due process violation is implicated. *See Nagib v. Conner*, 192 F.3d 127, 1999 WL 684168, at *2-3 (5th Cir. Aug. 13, 1999); *Cucciniello*, 137 F.3d at 722. The restrictive release conditions imposed upon Petitioner were merely designed to ensure his later appearance in court and to safeguard the community. *See* 18 U.S.C. § 3142(c).

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Further, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 18th day of July, 2016.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**